IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LARRY DON BROTHERS                                                                              PETITIONER

V.                                      NO. 5:03CV00260 JMM/JWC

LARRY NORRIS, Director,                                                                       RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Larry Don Brothers, an Arkansas Department of Correction inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry #1). Respondent concedes (docket entry #5) that Petitioner is in his custody and has exhausted all nonfutile state remedies, see id. § 2254(a) & (b), but asserts that the petition should be dismissed for other reasons. Petitioner has replied (docket entry #7). For the reasons that follow, the petition should be dismissed as untimely.

I.
Background

Following entry of a guilty plea on June 13, 2001, in the Circuit Court of Jackson County, Arkansas, Petitioner was convicted of two counts of manufacturing a controlled substance (methamphetamine), three counts of possessing a controlled substance with intent to deliver (methamphetamine), and one count each of simultaneously possessing drugs and firearms, possessing a controlled substance (marijuana), possessing drug

paraphernalia with intent to use, possessing drug paraphernalia, possessing ammonia in an unauthorized container, possessing ephedrine with intent to manufacture methamphetamine, possessing more than five grams of ephedrine, fleeing, theft by receiving, and criminal use of a prohibited weapon.  He was sentenced to forty years of imprisonment on the six counts that were Y felonies, to be served consecutively for a total of 240 years, with the remaining sentences for lesser periods to run concurrently.  (Resp't Ex. 1.)  By pleading guilty, Petitioner waived his right to a direct appeal under Arkansas law.  Ark. R. App. P.-Crim. 1(a) (2005).

On September 11, 2001, Petitioner filed a timely, pro se petition for post-conviction relief pursuant to Ark. R. Crim. P. 3, challenging the validity of his guilty plea on the basis that his trial counsel was ineffective (1) for refusing to permit him to testify, (2) for refusing to challenge any of his charges, (3) for refusing to challenge the admissibility of Petitioner's statement made to law enforcement officers, and (4) for failing to conduct a proper investigation into the facts.  (Resp't Ex. 2.)  His petition was denied as without merit.  Brothers v. State, Nos. CR-2000-165, CR-200-166 (Jackson Co. Cir. Ct.  Sept. 17, 2001) (Resp't Ex. 3).  The decision was affirmed on appeal.  Brothers v. State, No. CR 02-36, 2002 WL 539019 (Ark. Sup. Ct. Apr. 11, 2002) (Resp't Ex. 4).  There is no evidence or allegation that Petitioner sought any further post-conviction relief in state court.

Petitioner now brings this federal habeas petition through counsel, advancing the following claims:

> 1. His sentence is illegal and constitutes cruel and unusual punishment in violation of the Eighth Amendment because the trial court failed to attach a written report of the reasons why it was deviating from the statutory presumptive sentence as required by state law;

      2.    His sentence is disproportionate and constitutes cruel and unusual punishment in violation of the Eighth Amendment in that it exceeds the statutory presumptive sentence and effectively precludes any possibility of parole or rehabilitation; and

      3.    His counsel was ineffective in not permitting him to testify during the sentencing hearing, failing to seek an equitable plea bargain that conformed to the state sentencing guidelines, and failing to conduct an independent investigation so as to enable Petitioner to have an opportunity to take the matter to trial and receive a lesser sentence.

Respondent asserts that the petition should be dismissed for two reasons: (1) as barred by the one-year statute of limitations as set forth in 28 U.S.C. § 2244(d); or (2) as procedurally defaulted because Petitioner failed to properly present his claims to the state courts, see Coleman v. Thompson, 501 U.S. 722 (1991).

## II.
## Statute of Limitations

Section 2244(d) provides as follows:

      (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of ---

          (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

          (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

          (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A judgment becomes final for purposes of § 2244(d)(1)(A) upon the conclusion of all direct criminal appeals in the state court system or upon "the expiration of the time for seeking such review." In the instant case, Petitioner pleaded guilty to the charges at issue on June 13, 2001, and the judgment was filed with the trial court the next day, June 14. By pleading guilty, he waived his right to direct review under Arkansas law, thereby making his judgment final at the time of entry. This federal habeas petition was filed, through counsel, on July 10, 2003, more than two years later.

As stated above, the time during which a properly filed state post-conviction proceeding is pending is not counted toward any period of limitation under § 2244(d)(2). There is no contention that Petitioner's Rule 37 post-conviction petition was not "properly filed,"[1] and the limitations period was tolled until the petition achieved final resolution through the state's post-conviction procedures. Carey v. Saffold, 536 U.S. 214, 219-20 (2002). This includes the period between the trial court's denial of post-conviction relief and the timely filing of an appeal from it. Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005).

---

[1] See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (state post-conviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee").

The Arkansas Supreme Court affirmed the denial of Petitioner's Rule 37 petition on April 11, 2002, and he filed this federal habeas petition on July 10, 2003, one year and three months later. Petitioner contends that the limitations period was tolled for ninety days following the Arkansas Supreme Court's decision, during which he could have filed a petition for writ of certiorari to the United States Supreme Court. In support, he cites Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998). In Smith, the Eighth Circuit held that a state court judgment of conviction becomes "final," for purposes of triggering the running of the statute of limitations under § 2244(d)(1)(A), upon either (1) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court, or (2) if certiorari is not sought, the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ. Id. at 348.

However, it is clear in the Eighth Circuit that a state post-conviction petition does not remain "pending," for purposes of tolling the limitations period under § 2244(d)(2), during the ninety-day period during which certiorari could have been sought following the final denial of relief in the state courts. Snow v. Ault, 238 F.3d 1033, 1035 (8th Cir.), cert. denied, 532 U.S. 998 (2001). As explained in Snow:

> We reach this conclusion for two reasons. First, unlike § 2244(d)(1)(A), which uses the phrase "became final by ... expiration of the time for seeking [direct] ... review," a phrase that, as explained in Smith v. Bowersox, 159 F.3d at 348, takes into account certiorari proceedings, § 2244(d)(2) contains no such language. "'[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion and exclusion.'" Bates v. United States, 522 U.S. 23, 29-30 (1997) (quoted case omitted).

>    Second, this result comports with the requirement that a state prisoner exhaust state remedies before filing a federal habeas petition. Such exhaustion does not include seeking certiorari from the state court's denial of post-conviction relief. Rhine v. Boone, [186 F.3d 1153, 1156 (10th Cir. 1999)].

Id. at 1035-36; accord Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001). This Court is bound to follow Eighth Circuit law on this issue.

Petitioner does not contend that any of § 2244(d)(1)'s provisions affect the computation of the limitations period, and they do not appear applicable under the facts of this case. There is no evidence of any state-created impediment which has prevented Petitioner from seeking federal habeas relief since his conviction. The underlying facts for the claims obviously were known to Petitioner in time to file a federal habeas petition, and the constitutional rights at issue are well-established. See Strickland v. Washington, 466 U.S. 668 (1984) (criminal defendant's right to effective assistance of counsel); Hill v. Lockhart, 474 U.S. 52 (1985) (counsel's ineffectiveness in connection with guilty plea); Solem v. Helm, 463 U.S. 277 (1983) (punishment violates Eighth Amendment if it is grossly disproportionate to the crime); United States v. Addonizio, 442 U.S. 178 (1979) (standard for collateral review of sentences).

Petitioner next argues that he is entitled to equitable tolling of the one-year limitations period. He says that refusing to hear the merits of his claims would be against public policy and a miscarriage of justice because it is his first petition, his claims are not baseless or a waste of the court's time, he missed the deadline by only one day (which is incorrect), and the state has not shown any prejudice due to the untimely filing.

The one-year provision for federal habeas petitions is a true statute of limitations, rather than a jurisdictional bar, and is thus subject to equitable tolling in addition to the

statutory provisions. Shoemate v. Norris, 390 F.3d 595, 597 (8th Cir. 2004). However, equitable tolling of the limitations period affords "an exceedingly narrow window of relief" and is appropriate only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a [federal habeas] petition on time," or "when conduct of the defendant has lulled the prisoner into inaction." Id. It applies "only when some fault on the part of a defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002). To be entitled to equitable tolling, a petitioner must act with diligence. Id. at 977-78; Maghee, 410 F.3d at 476; see Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814-15 & n.8 (2005) (assuming equitable tolling applies for federal habeas limitations period, petitioner must show that he diligently pursued his rights and that some extraordinary circumstance stood in his way).

It is clear that pro se status, lack of legal knowledge or legal resources, or any confusion about or miscalculations of the limitations period by the petitioner or his attorney, are inadequate to warrant equitable tolling. Shoemate, 390 F.3d at 598; United States v. McIntosh, 332 F.3d 550, 551 (8th Cir. 2003); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000). Where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in enacting the limitations period and the enumerated statutory provisions. Jihad, 267 F.3d at 806-07.

Petitioner does not allege that any action by the state or any state actor made it impossible or difficult for him, in the exercise of due diligence, to file his federal habeas petition in a timely manner. See Flanders, 299 F.3d at 977. The circumstances he cites

are not the kind of extraordinary circumstances beyond his control that would entitle him to equitable tolling of the one-year statute of limitations.

This petition was filed outside the limitations period provided in § 2244(d)(1) and was not tolled under any statutory provision or equitable principles. Therefore, it should be dismissed as untimely. Because of this conclusion, Respondent's procedural default argument need not be addressed.

III.
Conclusion

This 28 U.S.C. § 2254 petition for writ of habeas corpus is untimely and should, therefore, be dismissed in its entirety with prejudice.

DATED this 19th day of December, 2005.

_____
UNITED STATES MAGISTRATE JUDGE